**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JENNIFER LYNN MAGNUSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATED NEWSPAPERS, LTD. d/b/a "Daily Mail" and "*www.dailymail.co.uk*", a United Kingdom company; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jennifer Lynn Magnuson, ("Magnuson" or "Plaintiff") by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

4. This Court has personal jurisdiction over Defendants because Defendants do business within this District, as evidenced by their office locations within this District. Defendants also directly target New York residents through online advertising and marketing.

## PARTIES

5. Plaintiff is an individual residing in Colorado.

6. On information and belief, Plaintiff alleges that Defendant Associated Newspapers, Ltd. d/b/a "Daily Mail" and "*www.dailymail.co.uk*" ("Daily Mail"), is a United Kingdom limited company with its United States headquarters located at 51 Astor Place, 9th Floor, New York, New York 10003. At all times relevant hereto, Daily Mail operated and continues to operate the website *www.dailymail.com*.

7. On information and belief, Plaintiff alleges that Defendants DOES 1 through 10, inclusive ("DOE Defendants") (altogether with Daily Mail, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

2

8. On information and belief, Plaintiff alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

9. Defendants, and each of them, have copied photography for which Plaintiff holds the copyrights, including, without limitation, that set forth herein.

10. Plaintiff previously contacted Defendants about their infringing activity. Defendants failed to meaningfully respond, necessitating this action.

**CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH**

11. Plaintiff is a well-known photographer. Plaintiff has collaborated with numerous artists and brands, garnering significant public recognition.

12. Plaintiff created and exclusively owns the photograph of celebrity Richard Branson hugging his mother as shown below and referred to herein as "Subject Photograph."

**SUBJECT PHOTOGRAPH**



3

13. The Subject Photograph is registered with the U.S. Copyright Office.

14. Defendant Daily Mail is a news publication company that derives revenues in large part from online advertising. Daily Mail published the Subject Photograph as part of advertising on their website without Plaintiff's permission.

15. On information and belief, Plaintiff alleges that following Defendants' receipt of the Subject Photograph, Defendants, and each of them, used the Subject Photograph for commercial purposes including, without limitation, by posting the Subject Photograph online at the website *https://www.dailymail.co.uk,* which is owned and operated by the Defendants, in order to attract customers to visit the Daily Mail website and increase website user traffic. A true and correct exemplar screen capture, and its accompanying URL, of the infringing publication are shown below ("Infringing Post").

| **INFRINGING POST** |
|---|
| *https://www.dailymail.co.uk/tvshowbiz/article-9148843/Richard-Branson-pays-tribute-mother-Eve-96-death-Covid-says-hes-lucky-son.html*  |

16. Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed, the Subject Photograph for financial benefit without Plaintiff's consent, as seen in the screen captures and URL depicted above.

17. At no point did Plaintiff authorize Defendants' use of their exploitation of the Subject Photograph.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement - Against All Defendants, and Each)**

18. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

19. On information and belief, Plaintiff alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, by receiving the Subject Photograph from a party with a prior license for use of the Subject Photograph, and through viewing Plaintiff's website, as well as Plaintiff's many online profiles, publications, and features. Access is further evidenced by the exact reproduction of the Subject Photograph in the Infringing Post.

20. On information and belief, Plaintiff alleges that Defendants, and each of them, infringed Plaintiff's copyrights in the Subject Photograph by, without limitation, copying, reproducing, publishing, and displaying the Subject Photograph in the Infringing Post for commercial benefit as set forth above, without Plaintiff's authorization or consent.

21. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

22. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photograph in an amount to be established at trial.

23. On information and belief, Plaintiff alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Infringement – Against all Defendants, and Each)**

24. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. On information and belief, Plaintiff alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing and displaying a photograph that Defendants knew, or should have known, was not authorized to be published by Defendants; publishing the Infringing Post on affiliate, third-party, and social media sites; and distributing the Infringing Post to third-parties for further publication.

26. On information and belief, Plaintiff alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. Defendants, and each of them, also realized profits through their respective obtainment, distribution, and publication of the Infringing Post.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to

Defendants' infringement of her rights in the Subject Photograph, in an amount to be established at trial.

28.     On information and belief, Plaintiff alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $1500,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants, and Each And With Respect To Each Claim For Relief:**

a.     That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from exploiting Plaintiff's photography, including without limitation the Subject Photograph, including through, without limitation, an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, Plaintiff's photography, including without limitation the Subject Photograph, from any print, web, or other publication owned, operated, or controlled by any Defendant;

b.     That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 504, and other applicable law;

c.     That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d.     That Plaintiff be awarded her costs and attorneys' fees to the extent they are available under the Copyright Act, 17 U.S.C. § 101, *et seq.*;

  e. That Plaintiff be awarded its costs and fees under the statutes set forth above;

  f. That Plaintiff be awarded statutory damages and/or penalties under the statutes set forth above, to the extent they are available;

  g. That Plaintiff be awarded pre-judgment interest as allowed by law;

  h. That Plaintiff be awarded the costs of this action; and

  i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

              Respectfully submitted,

Dated: August 24, 2023    By: */s/ Scott Alan Burroughs*
              Scott Alan Burroughs, Esq.
              DONIGER / BURROUGHS
              247 Water Street, First Floor
              New York, New York 10038
              (310) 590-1820
              *Attorneys for Plaintiff*